**EQUITABLE GAS COMPANY, a Pennsylvania Corporation, Appellant,**

v.

**James SCHWARTZMILLER and Antonia Schwartzmiller, his wife, Richard F. Kronz and Sylvia M. Kronz, his wife, Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 31, 1999.

Filed Dec. 29, 1999.

William Molczan, Pittsburgh, for appellant.

Wendell G. Freeland, Pittsburgh, for Krontz, appellees.

Before CAVANAUGH, DEL SOLE and MONTEMURO *, JJ.

DEL SOLE, J.:

¶ 1 Appellees Richard and Sylvia Kronz ("Kronz") own property in Carnegie, Pennsylvania. The property is a two-story structure containing a storeroom, one apartment and one efficiency apartment. The property is serviced through one master gas meter, rather than individual meters. In October, 1994, Kronz entered into an installment sales contract with Appellees James and Anotonia Schwartzmiller ("Schwartzmiller") for the sale of this property. At all relevant times, Schwartzmiller occupied one apartment in the building. Appellant Equitable Gas ("Equitable") provided gas services, without payment, for the property from October 24, 1994 through December 7, 1995. Equitable filed suit to recover payment for these services.

¶ 2 Prior to trial, a default judgment was entered against Schwartzmiller.[1] Further,

* Retired Justice assigned to the Superior Court.

1. Appellant states that the judgment against Schwartzmiller was discharged pursuant to in

bankruptcy proceedings. The certified record

summary judgment was entered in favor of Equitable and against Kronz on the issue of liability. Thus, a non-jury trial was held solely on the issue of damages. The trial court entered a verdict for Equitable for $1,958.67, an amount which represents the amount due for gas services provided through April 11, 1995, a date determined by the trial court to be the end of the building's classification as rental property. Equitable appeals, claiming that the damages should equal the amount due for services provided through December 7, 1995, totaling $5,815.99. We reverse and remand.

¶ 3 The statute upon which recovery in this case is based is 66 Pa.C.S.A. § 1529.1 **Duty of owners of rental property**. It provides, in pertinent part, as follows:

> (a) **Notice to public utility**. It is the duty of every owner of a residential building ... which contains one or more dwelling units, not individually metered, to notify each public utility from whom utility service is received of their ownership and the fact that the premises served are used for rental purposes.
>
> . . .
>
> (c) **Failure to give notice**. Any owner of a residential building ... failing to notify affected public utilities as required by this section shall nonetheless be responsible for payment of the utility services as if the required notice had been given.

66 Pa.C.S.A. § 1529.1.[2]

¶ 4 The trial court found that Kronz's liability under this statute ended on April 11, 1995 because that was the date that the efficiency apartment ceased to be occupied by a third-party tenant. After that date, Schwartzmiller was the sole occupant of the building. Thus, the trial court found, the building was no longer used as a multi-unit structure and no longer under the ambit of 66 Pa.C.S.A. § 1529.1. We disagree.

¶ 5 The term "residential building" is defined in 66 Pa.C.S.A. § 1521 as "[a] building containing one or more dwelling units occupied by one or more tenants." Although after April 11, 1995, only one of the dwelling units was occupied, the structure physically remained a building containing two dwelling units. The issue then becomes whether Schwartzmiller was a tenant. Kronz argues that Schwartzmiller was the equitable owner of the property and thus could not be a tenant. However, a careful reading of the summary judgment opinion reveals that Schwartzmiller was not a true equitable owner and that, in fact, Kronz had structured the sale in such a way that all interests in the property remained in Kronz's name until the sale was completed. Trial Court Opinion, 5/6/97, at 5–6. Thus, at the relevant time, Kronz retained all property interests. Schwartzmiller, therefore, was a tenant of Kronz's property, thus satisfying the statutory requirement that the building be occupied by at least one tenant.

¶ 6 Accordingly, we hold that the trial court erred in concluding Kronz could have no liability under the statute after April 11, 1995. We vacate the order of the trial court ordering Kronz to pay damages of $1,958.67 and remand for a determination of damages.

¶ 7 Order vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

---

this case contains no reference to these events. However, it is clear that the only issue on appeal is whether Kronz is responsible for the entire amount of damages.

**2.** Apparently, Kronz did not provide the notice required in § 1529.1(a); however, as § 1529.1(c) explains, this failure to notify has no effect on an owner's liability.